## No. 8244.

SAMUEL S. BROWN ET AL. vs. JAMES D. HOUSTON, STATE TAX COLLECTOR.

| 33 | 843 |
|---|---|
| 106 | 680 |
| 33 | 843 |
| 108 | 441 |

Coal brought from Pennsylvania to New Orleans for sale, can legally be taxed by the State of Louisiana, and the tax thus levied upon it is not obnoxious to any of the three constitutional principles invoked in this case, viz : 1st, that the citizens of each State shall be entitled to all the immunities and privileges of citizens of the several States ; 2d, that Congress shall have power to regulate commerce, with foreign powers and among the several States ; 3d, and that no State shall levy any imposts or duties on imports or exports.

A PPEAL from the Civil District Court for the parish of Orleans. Lazarus, J.

*Joseph P. Hornor* and *Francis W. Baker* for Plaintiffs and Appellants:

Congress shall have power to regulate commerce with foreign nations and among the several States. U. S. Constitution, Art. I, sec. 8, par. 3.

No State can impose a tax upon freight transported from State to State, or upon the transporter because of such transportation. 15 Wallace, 281.

*Whitaker & Adams* for Defendant and Appellee:

First—The tax complained of is levied under the provisions of the Act No. 77 of 1880.

Second—The constitutional guarantee that the " citizens of each State shall be entitled to all the privileges and immunities of the citizens of the several States," simply prohibits any attempt to discriminate injuriously against the products of other States or the rights of their citizens. 8 Wall 140 ; *ib.* 152.

The tax law imposes a uniform tax upon all property within the State, whether owned by a citizen of it or a citizen of some other State, and whether the property is the product of Louisiana or of its sister States.

Third—A tax on property that may be the subject of commerce. under congressional regula-
tions, is not a tax on commerce.  Neither is a tax on property which has been the subject
of such commerce, where it is taxed only as property, and in common with all other prop-
erty within the State.  Cooley on Taxation, 62; 12 Wheat. 419, 437; 8 Wall. 110; 5 *id.* 475,
479.  Thus, as property, locomotives may be taxed, but not their use as vehicles of com-
merce between States.  Cooley on Taxation, 63; 2 Abb. U. S. 323; S. C. 18 Wall. 206, 232.
The present tax is not upon transportation, nor does the tax law attempt in any manner to
regulate commerce, whether purely internal or inter-State; it simply levies a tax upon the
coal of appellants as property in common with all other property within the State,
Fourth—Imports from foreign countries while still in the original packages and in the posses-
sion of the importer, are shielded from any State tax.  12 Wheat. 443; 24 How. 173; 8
Wall. 122; *ib.* 128.  But even foreign imports after the importer has disposed of them or
when otherwise mixed with the general property of the State, are taxable as other prop-
erty.  5 Wall. 479 ; 8 Wall. 122.
The prohibition of the Federal Constitution that " no State shall levy any imposts or duties
on imports or exports," does not, however, apply to articles imported from one State into
another.  Hence, a uniform tax imposed by a State on all sales made in it, whether they
be made by a citizen of it or a citizen of some other State, and whether the goods sold
are the produce of that State enacting the law of some other State, is valid.  8 Wall. 123.
The coal made the subject of the present tax was imported from Pennsylvania.  The tax is a
uniform tax of six mills on the assessed value of all property within the State, whether
owned by Louisianians, citizens of other States, or aliens, and whether such property be
the produce of this State, of sister States, or of a foreign country.

The opinion of the Court was delivered by

TODD, J.  The plaintiffs are appellants from a judgment of the
Civil District Court of the parish of Orleans dissolving their injunction,
taken out to restrain the tax collector from selling a lot of coal for
taxes.

The coal was mined in Pennsylvania, was brought into this State
for sale, and was duly assessed as the property of the plaintiff within
the territorial limits of the district where the defendant was tax col-
lector, and where the coal was kept for sale.

The tax is resisted upon the ground that it was imposed in violation
of the provisions of the Constitution of the United States, which de-
clares :

1. The citizens of each State shall be entitled to all the immunities
and privileges of citizens of the several States.

2. Congress shall have power to regulate commerce with foreign
powers and among the several States.

3. No State shall levy any imposts or duties on imports or exports.

First.  Act 77 of 1880, under which the tax complained of was levied,
provides that " annual taxes, amounting in the aggregate to six mills
on the dollar of assessed valuation, hereafter to be made, of all prop-
erty situated within the State of Louisiana, except such as is expressly
exempted from taxation by the Constitution, shall be collected," etc.

This act does not, in its terms, discriminate against the products of

other States, or the property of the citizens of other States, but subjects all property liable to taxation found within the State, whether of its own citizens or citizens of other States, whether imported from other States or produced here, to the same rate of taxation.

If the law exempted property of the citizens of other States, brought into the State for sale, from taxation, and at the same time levied a tax on the products of the State, it would in fact show a discrimination against the citizens of the State and the products of the State.

We discover no force whatever in this ground of opposition.

Second. The coal in question was taxed in common with all other property found within the State. We held in the case of the City of New Orleans vs. Eclipse Tow-Boat Company, recently decided by us, but not yet reported, that the clause in the Federal Constitution giving to Congress the power to regulate commerce with foreign nations and among the States, had no immediate relation to, or necessary connection with the taxing power of a State. Every tax upon property, it is true, may affect more or less the operations of commerce, by diminishing the profits to be derived from the subjects of commerce; but it does not for that reason amount to a regulation of commerce within the meaning of the Federal Constitution; and such is the doctrine laid down by the Supreme Court of the United States. 15 Wall. 293.

So it has been held that " a tax on property that may be the subject of commerce under congressional regulations is not a tax on commerce. Neither is a tax on property which has been the subject of such commerce, *where it is taxed only* as property and in common with all other property within the State." Cooley on Taxation, 62, 63; 12 Wheat. 419, 437; 8 Wall. 110; 5 *Ib.* 475, 479.

The power of taxation exercised by the State with respect to the property in question, does not in the remotest degree, directly or indirectly, infringe upon this constitutional provision relating to the regulation of commerce.

Third. This tax cannot be regarded as a duty or impost levied by the State on imports. To give such construction to it and to recognize the alleged prohibition contended for, would create an exemption for all goods and merchandize, and property of every kind and description, brought into the State for sale or use; and by such construction destroy a main source of revenue to the State.

As we had occasion to show in the case referred to, the word " imports " used in the Constitution, has been construed to apply not to property brought or imported from other States of the Union, but solely to imports from foreign countries. Woodruff vs. Parham, 8 Wall. 122; 5 Wall. 479. And, in the case of Woodruff vs. Parham, it was expressly held that a uniform tax imposed by a State on all sales made in it,

whether made by a citizen of such State or another State, and whether the property sold was the product of that State or another, was valid. And, in the opinion rendered in that case, the right of a State to tax the property itself brought to such State for sale from another, was distinctly recognized and broadly stated.

Cooley, in his work on Taxation, states the same doctrine in these words:

"The Federal Constitution provides that no State shall, without consent of Congress, lay any imposts or duties on imports or exports, except what may be necessary for executing its inspection laws. But this provision has no application to articles transported merely from one State to another."

We find no error in the judgment appealed from, and it is, therefore, affirmed with costs.